# MICHAEL J. REDENBURG, ESQ. PC
11 Park Place, Suite 817
New York, NY 10007

MICHAEL REDENBURG
TELEPHONE: (212) 240-9465
CELL (631)748-0601
FACSIMILE: (917)591-1667
mredenburg@mjrlaw-ny.com

**OF COUNSEL**
*Osman & Smay LLP*
Stephen L. Smay – NY, MI, DC
Matthew E. Osman - MO, KS
Kathryn Starrett Rickley – MO, KS

March 9, 2016

**Via ECF**
Hon. Marilyn D. Go
United States Magistrate Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

Re: Shanice Battle v. City of New York, et. al.; 15-cv-4076 (WFK)(MDG)
Response to Defendant's Motion for Protective Order Striking 30(b)(6) Deposition Notice

Hon. Marilyn D. Go,

In compliance with the Court's Scheduling Order dated March 3, 2016, Plaintiff submits her response and opposition to the Defendant City's Motion for a Protective Order striking her 30(b)(6) deposition notice. For all of the reasons set forth below, the Defendant City's motion should be denied and Defendants should be required to produce a suitable 30(b)(6) deponent.

As an initial matter, Plaintiff served the Defendant City with her 30(b)(6) deposition notice almost three (3) months ago, and since that time, defendants have taken numerous positions as to why they should not have to produce a 30(b)(6) deponent. First, defendants posited that the deposition notice was "too broad," but since the Notice consists of only one narrowly tailored topic (*See* Ex. 1), defendants quickly abandoned that position – for good reason. Next, and on February 10, 2016, the Defendant City stated that "it thought" it would *try* to quash/strike the 30(b)(6) deposition. Thereafter, the Defendant City complained that it would be difficult to find a suitable representative to testify, however, this position is untenable. In a recent case in this Court before Judge Vera M. Scanlon, *King v. City of New York,* 15-cv-0497 (WFK)(VMS), the City produced a knowledgeable 30(b)(6) deponent after being Ordered by the Court to do so. The *King* case was in a similar procedural posture to the instant matter, when the Defendant City initially objected to producing a 30(b)(6) deponent, but was then Ordered to do so by the Court. The 30(b)(6) deponent in that case was knowledgeable; the deposition went smoothly and lasted less than three (3) hours. It was neither burdensome nor expensive.

Furthermore, the City's complaint that it is burdensome and expensive to produce a 30(b)(6) deponent is specious. In reality, the Defendant City is well equipped to defend itself in civil rights lawsuits filed against it and has most recently, bolstered its litigation team. As reported in a recent New York Times article, dated February 4, 2016 (*See* Exhibit 2), the

Defendant City has recently hired about 30 lawyers to strengthen its litigation team and also has the help and support of a 40 member legal unit created by Police Commissioner William J. Bratton to assist them. Given the City's resources, and its powerful litigation team, it seems disingenuous to argue that it is burdensome to prepare and produce a 30(b)(6) deponent in this case. As a practical matter, when corporations are sued, they are required to produce a 30(b)(6) deponent as a matter of course; and the Defendant City, a municipal corporation, should not be treated any differently.

Finally, Defendants claim that the time period set forth in Plaintiff's 30(b)(6) notice does not make sense because the officers all attended the police academy before the period set forth in Plaintiff's Notice. This is the first time Defendants have raised this issue, but of course, Plaintiff is willing to confer with the Defendant City to fix this issue – of course, Plaintiff would want to have a witness who is knowledge to testify about the training the officers received while they were trained. And training the officers received after the date of Plaintiff's arrest is relevant because if the training changed, it may be probative of issues related to imperfect training that had taken place earlier.

For all of the foregoing reasons, the Defendant City's Motion to Strike Plaintiff's 30(b)(6) Notice should be denied and the Defendant City should be Ordered to produce an appropriate witness.

Respectfully submitted,<br>
/s/<br>
Michael J. Redenburg

cc:     Shira Siskind, Esq. (Via ECF only)